UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MESA DIGITAL, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2983-X |
| | § | |
| NUU, INC., | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Nuu, Inc.'s (Nuu) motion to dismiss Mesa Digital, LLC's (Mesa) complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 17). After reviewing the briefing (Doc. 17, 19, 20), Plaintiff's First Amended Complaint including its exhibits (Doc. 10), and the relevant caselaw, the Court **DENIES** the motion.

## I. Factual Background

This is a patent infringement case concerning U.S. Patent No. 9,031,537 ("the '537 Patent"). Mesa alleges Nuu infringes the '537 Patent. According to Plaintiff's First Amended Complaint, the '537 Patent "relates to novel and improved methods, systems and processes for [an] electronic wireless hand held multimedia device."[1] Mesa alleges Nuu "maintained, operated, and administered systems, products, and services" that that infringe the '537 Patent, including Claim 1, which, *inter alia*,

---

[1] Doc. 10 at 2.

includes a "tuner unit" and a "soft button." Nuu filed the instant motion seeking to dismiss Mesa's complaint.

## II. Legal Standard

A Rule 12(b)(6) motion challenges a pleading for a "failure to state a claim upon which relief can be granted."[2] A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] When analyzing the pleadings under a Rule 12(b)(6) motion, the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable" for the claim alleged.[5] The Court will accept all well-pleaded factual allegations as true, but need not accept legal conclusions or threadbare recitals of elements as true.[6] And the Court views those facts "in the light most favorable to the plaintiff."[7]

The Federal Circuit applies its "own law to the specific question of whether a complaint states a claim of patent infringement on which relief may be granted."[8] According to the Federal Circuit, a "plaintiff is not required to plead infringement on

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* at 678–79.

[7] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[8] *Heidary v. Amazon.com, Inc.*, No. 2024-1580, 2024 WL 4489918, at *3 (Fed. Cir. Oct. 15, 2024) (cleaned up).

an element-by-element basis."[9]  That said, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements."[10]  Instead, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."[11]

### III.  Analysis

In its motion, the Nuu argues Mesa's initial complaint fails to state a claim because of the alleged lack of any plausible allegation of infringement with respect to two claim elements, the "tuner unit" and the "soft button."  The Court will treat the motion as alleging Plaintiff's First Amended Complaint fails to state a claim.[12]

With respect to the tuner unit, the relevant claim recites "at least one of a wireless unit and a tuner unit supporting bi-directional data communications of data including video and text for the electronic wireless hand held multimedia device with remote data resources over cellular telecommunications networks."[13]  Nuu argues a previous case filed by Mesa against another defendant was dismissed without prejudice and then with prejudice because the complaints in that case failed to state a claim with respect to the tuner unit, and this case should be dismissed as well for the same reasons.  Notably, the previous case did not focus on the tuner unit.  It

---

[9] *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).

[10] *Id.* at 1353.

[11] *Id.*

[12] In its motion, Nuu focused on Mesa's initial complaint and not its amended complaint.  With respect to the two claim elements at issue, however, the two complaints and their associated claims charts are not materially different.  Moreover, in its reply, Nuu focuses on Mesa's amended complaint.

[13] Doc. 10-1 at 17.

3

focused on the soft button.[14]  Regardless, the claim chart attached to Plaintiff's First Amended Complaint in this case identifies that a "NUU Cell Phone comprises dual SIM capabilities supporting bi-directional data communications of video calls and text messages with remote data resources over cellular telecommunications networks (4G-B2/4/5/12/13/25/26/41/66/71)."[15]  For support, moreover, the claim chart attached to Plaintiff's First Amended Complaint in this case includes screen shots identifying "text messages," "video calls," "dual SIM capabilities," "video conferences," "4G B2/4/5/12/13/25/26/41/66/71," "3G 850/1700/1900," and "2G 850/1700/1900."[16]  Taking all these alleged facts in the light most favorable to Mesa, these allegations provide at least a plausible allegation of infringement with respect to the tuner unit.

With respect to the soft button, the relevant claim recites "a touch sensitive display screen configured to display the data including video and text received by the electronic wireless hand held multimedia device by selecting a particular data represented by a soft button on the touch sensitive display screen of the electronic wireless hand held multimedia device."[17]  In the previous case, Mesa's "only allegations containing any amount of specificity focus[ed] entirely on Defendant's

---

[14] *Mesa Digit., LLC v. TCL Commc'n, Inc.*, No. SACV 23-02133-CJC (JDEx), 2024 U.S. Dist. LEXIS 83317 (C.D. Cal. May 7, 2024) (first order granting motion to dismiss with leave to amend based on soft button element); *Mesa Digit., LLC v. TCL Commc'n, Inc.*, No. 8:23-cv-02133-SSS-JDEx, 2024 U.S. Dist. LEXIS 240153 (C.D. Cal. Nov. 13, 2024) (second order granting motion to dismiss with prejudice based on soft button element).

[15] Doc. 10-2 at 5.

[16] Doc. 10-2 at 8–10.

[17] Doc. 10-2 at 3.

device in conjunction with a third-party application," YouTube.[18]  Then, in the Second Amended Complaint in the previous case, and in particular in the claim chart attached to it, Mesa did not identify anything as a soft button.[19]  Here, by contrast, in its claim chart attached to the complaint Mesa identifies that a "NUU Cell Phone comprises a soft button on the touch sensitive display screen of the NUU Cell Phone."[20]  For support, moreover, the claim chart attached to the complaint in this case includes the following screen shot from one of Nuu's websites:



[21]

Taking all these alleged facts in the light most favorable to Mesa, these allegations provide at least a plausible allegation of infringement with respect to the soft button.

---

[18] *Mesa Digit., LLC v. TCL Commc'n, Inc.*, No. SACV 23-02133-CJC (JDEx), 2024 U.S. Dist. LEXIS 83317, at *5 (C.D. Cal. May 7, 2024).

[19] Exhibit B to Second Amended Complaint, *Mesa Digit., LLC v. TCL Commc'n, Inc.*, No. 8:23-cv-02133-SSS-JDEx, (C.D. Cal. Jun. 3, 2024).

[20] Doc. 10-2 at 10.

[21] Doc. 10-2 at 11.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED** this 8th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE